| | |
|---|---|
| Jonathan Weissglass (SBN 185008) | Mark McKane (SBN 230552) |
| jweissglass@altshulerberzon.com | Mark.mckane@kirkland.com |
| ALTSHULER BERZON LLP | KIRKLAND & ELLIS LLP |
| 177 Post Street, Suite 300 | 555 California Street |
| San Francisco, CA 94108 | San Francisco, CA 94104 |
| Telephone: (310) 392-8801 | Telephone: (415) 439-1400 |
| Facsimile: (310) 278-5938 | Facsimile: (415) 439-1500 |
| | |
| J. Gerard Stranch, IV (admitted *pro hac vice*) | Gregg F. LoCascio, P.C. (admitted *pro hac vice*) |
| gerards@bsjfirm.com | gregg.locascio@kirkland.com |
| Benjamin A. Gastel (admitted *pro hac vice*) | Anders Fjellstedt (admitted *pro hac vice*) |
| beng@bsjfirm.com | anders.fjellstedt@kirkland.com |
| BRANSTETTER, STRANCH & JENNINGS, PLLC | KIRKLAND & ELLIS LLP |
| 223 Rosa L. Parks Avenue, Suite 200 | 1301 Pennsylvania Avenue, N.W. |
| Nashville, TN 37203 | Washington, D.C. 20004 |
| Telephone: (615) 254-8801 | Telephone: (202) 389-5000 |
| Facsimile: (615) 255-5419 | Facsimile: (202) 389-5200 |

*Attorneys for Plaintiff*
*Crystal Kao and Nina Barwick, individually and on behalf of herself and all others similarly situated*

*Attorneys for Defendant*
*Abbott Laboratories, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CRYSTAL KAO and NINA BARWICK, individually and on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES, INC. an Illinois corporation d/b/a Abbott Nutrition,<br><br>Defendant. | CASE NO. 3:17-CV-02790<br><br>**[PROPOSED] STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI in the form of email, employee hard drives, employee home shares, Departmental Network Shares, SharePoint, and relevant document management systems created or received between January 15, 2015 and May 15, 2017 will be preserved;

b) The parties will agree on the number of custodians per party for whom ESI will be preserved;

c) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: disaster recovery backup media and backup of employee computers;

d) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: backup media created before January 15, 2015, digital voicemail, instant messaging, and text messages;

e) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: digital voicemail, instant messaging, and text messages.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in [ ] PDF, [x] TIFF, [x] native and/or [ ] paper or a combination thereof file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process. The parties additionally agree to the following production format and process:

**A. Form of Production.** The parties will produce all documents as Group IV single page black and white TIFF format files imaged at 300 dpi, except that product labels and print advertisements which exist in color shall be produced in color. For all other documents (which will be produced in black and white) the producing party will honor reasonable requests made in good faith for either the production of the original document for inspection and copying or production of a color

image of the document. The parties will name each TIFF file with a unique name matching the Bates number labeled on the corresponding page, and will include appropriate confidentiality designations labeled on the document as specified in the Protective Order. The Bates number should be consistent across the production, contain no special characters, and be numerically sequential within a given document.

1. When processing ESI for review and for production in TIFF format, the producing party will instruct its vendor to force off Auto Date and unhide all hidden objects.

2. When processing ESI, CST should be selected as the time zone and the producing party will note the time zone used in its processing. To the extent that a party has already processed ESI using a different time zone, the producing party will note the time zone used in its processing. Otherwise, Parties shall consistently produce all ESI processed using the same time zone. When a metadata field includes a date, the date shall be provided in the format defined in Section 6.K. below.

3. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

**B. Image Load File.** The parties shall provide an image load file (*e.g.*, Opticon file or LFP) that contains document boundaries.

**C. Document Text.** For documents containing extractable text that was originally stored as native electronic files and which do not have redactions, the extracted, full text from the body of each document will be produced in a separate .txt file named for the beginning Bates number of the document. For documents that were originally stored as native electronic files and which have redactions, OCR text will be produced from the redacted image(s) associated with each document as a separate .txt file for each document named for the Bates number of the document. Any redacted, privileged material should be clearly labeled to show the redactions on the TIFF image.

**D. Excel and Other Spreadsheet Files.** Files created by Microsoft Excel or other spreadsheet programs shall be produced in native format with corresponding TIFF images of Bates-stamped slip-sheets and appropriate confidentiality labeling. The parties will provide a relative file path or link to the native Excel in the .dat file. The produced file shall be named with the Bates number of the first page of the corresponding TIFF production of the document (*e.g.*, "ABC00001.xls").

**E. Special File Types.** If production in native format is necessary to decipher the meaning, context, or content of a document produced in TIFF, the producing party will honor reasonable requests made in good faith for either the production of the original document for inspection and copying or production of the document in native format. Documents that are to be produced in a native format, but that require redactions will be produced as TIFF images with the relevant portions redacted, or if a TIFF image production is not practicable (*e.g*., the file is a video or very large spreadsheet), as a copy of the native file with the relevant portions replaced with "[REDACTED]" or a similar mark. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (*e.g.*, "ABC00001.ppt").

**F. Production of Physical Documents.** Documents that exist in physical hard-copy format shall be scanned and produced electronically. These documents shall be converted to single page image files (BLACK AND WHITE Group IV TIFF) and produced following the same protocols set forth herein or otherwise agreed to by the parties. All such documents will be produced with an OCR file as outlined in Section 6.H. below.

**G. Document Unitization.** For files produced as either BLACK AND WHITE Group IV TIFF, each page of a document shall be electronically saved as an image file. If a document consists of more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image files.

**H. Load/Unitization File.** The producing party shall produce a Load/Unitization file for all produced documents in accordance with the following formatting:

**OCR and Extracted Text Files (.TXT Files)**:

ESI shall be produced with multi-page searchable Extracted Text or OCR text. For documents that were originally stored as native electronic files and which do not have redactions, the extracted, full text from the body of each document will be produced. For documents that were originally stored as native electronic files and which have redactions, OCR text will be produced from the redacted image(s) associated with each document. Any such Extracted Text or OCR will be produced on a document level in the following format:

- Produce a single text file per document containing all the document's pages
- Filenames must be matched bates number in this form:
    - <Bates num>.txt
    - Where <Bates num> is the BATES number of the first page in the document.
- Text must be encoded in UTF-8.
- Text files will be located in a directory named "TEXT" that is separate from the TIFF image.

**Images Files**:

- Single page per image
- Black and White Group IV TIFF
- Filenames for images must be matched bates number in this form:
    - <Bates num>.<ext>
    - Where <Bates num> is the BATES number of the page, and <ext> is the appropriate extension for the image format (.jpg, .tif).

**Load/Unitization Files**:

- "Concordance Default" delimited text file utilizing the following characters:
    - The "comma" delimiter is "" (020)
    - The "quote" delimiter is "þ" (254)
    - The "new line" delimiter is "®" (174)
- First line must contain the column/field names (set forth in Paragraph 1(c) herein)
- Every row must have the same number of columns/fields (empty values are acceptable)
- Text must be encoded in UTF-8
- LFP IPRO LOAD FILE with relative pathing to the image files or OPT OPTICON LOAD FILE with relative pathing to the images files in the format preferable to the Receiving Party

Notwithstanding the foregoing, the parties agree to further meet and confer, as necessary, in advance of any production of documents, and in consultation with their respective vendors, to confirm all Load/Unitization file specifications.

**I. De-Duplication.** To the extent that exact duplicate documents (based on MD5 or SHA-1 hash values) reside within a party's ESI data set, each party may produce only a single copy of a responsive document or record ("Single Production Copy"). Exact duplicates will be identified through calculation of MD5 or SHA-1 hash value and all de-duplication will occur at the family level and across all custodians.

**J. Production Media.** Documents shall be produced on CD-ROM, DVD, external hard drive (with standard PC compatible interface), .ftp site, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each item of Production Media shall include: (1) the production date, and (2) the Bates number range of the materials contained on such Production Media item. Regardless of the form of the production, the

materials may be password protected and/or encrypted, and any corresponding passwords or encryption keys shall be provided in a timely manner.

**K. Document Metadata.** Parties will produce extracted metadata for each document in the form of a .dat file, and include the following fields, as shown in the table below. If specific fields cannot be populated, the field should be left blank. When a metadata field includes a date, the date shall be provided in the following format in separate fields as specified below: mm/dd/yyyy or HH:mm:ss.

| **Field** | **Description** |
| --- | --- |
| Bates_Begin | The Bates label of the first page of the document. |
| Bates_End | The Bates label of the last page of the document. |
| Attach_Begin | The Bates label of the first page of a family of documents (*e.g.*, email and attachment). |
| Attach_End | The Bates label of the last page of a family of documents (*e.g.*, email and attachment). |
| File Name | The filename of an attachment or stand-alone e-file. |
| Custodian | The custodian(s) of the document. |
| Filename Extension | The original filename extension suffix (*e.g.*, .doc, .pps., .jpeg, .txt, .xls). |
| Subject | The subject of an email. |
| Sent_Date | For email, the sent date of the message. |
| Sent_Time | For email, the sent time of the message. |
| Create_Date | For efiles or attachments, the document's creation date or operating system creation date. |
| Create_Time | For efiles or attachments, the document's creation time or operating system creation time. |
| Modified_Date | For efiles or attachments, document's last modified date or operating system last modified date. |
| Modified_Time | For efiles or attachments, the document's last modified time or operating system last modified time. |
| Author | Original composer of a document or attachment. |
| From | The sender of an email message. |
| To | The recipients of an email message, in a semi-colon delimited multi-value list. |
| CC | The copyee(s) of an email message, in a semi-colon delimited multi-value list. |
| BCC | The blind copyee(s) of an email message, in a semi-colon delimited, multi-value list. |

| MD5/SHA-1 | The calculated MD5 or SHA-1 hash value of the document. |
| --- | --- |
| Native_File | The file path to the location of the native file if produced natively. |
| Confidentiality | The confidentiality designation, if any, for the document pursuant to any protective order in the case. |
| Production Volume Name | The name of the volume of the production the document was produced in. |
| Duplicate Custodians | Identify all custodians who had an ESI copy of the produced document in list form separated by commas. |
| Processing Time Zone | Time of processing in CST. |

Notwithstanding the foregoing, the parties will meet and confer in good faith as necessary prior to the production of documents, with technical experts as needed, to clarify or resolve any issues (*e.g.*, definitions of metadata fields, inconsistencies, and burden) concerning the production of metadata.

**L. Attachments.** Email attachments must be mapped to their parent by the Document or Production number. BeginAttach and EndAttach fields must be populated for parent and child documents.

**M. Structured Data.** To the extent a response to discovery requires production of discoverable electronic information contained in a database, in lieu of producing the database, the parties may meet and confer, with an understanding of which fields are relevant, to attempt to agree upon the sets of data or fields to be included and generate a report in a reasonably usable and exportable electronic file (*e.g.*, Excel or CSV format) for review by the requesting party or counsel. Upon review of the report(s), the requesting party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields. The parties reserve all rights to object, including but not limited to objections for relevance, undue burden, and/ or inaccessibility.

**7.  PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the following sources and custodians: individuals specifically identified in a party's Rule 26(a)(1) disclosures, if responsive, and subject to any later agreements by the parties re prioritization of production. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. The Protective Order entered in this case identifies the procedure for addressing disclosed Privileged Material.

## 9. PRIVILEGE LOGS AND REDACTIONS

a) **Asserting privilege and/or work-product protection.** A party who withholds or redacts ESI or documents on the grounds of attorney-client privilege and/or work product protection shall provide a privilege log in a native Excel format that contains the following, for each document withheld or redacted:

(i) A document control number (which shall be a Bates number in the case of partially-redacted documents);

(ii) Family relationship;

(iii) File type (.msg, .doc, .pdf, etc.);

(iv) Date;

(v) Author (or sender in the case of email);

(vi) Recipient(s) (or "TO" recipients in the case of email);

(vii) CC recipient(s);

        (viii)    BCC recipient(s);

        (ix)    Document name (or subject line in the case or email); and

        (x)    An indication of the privilege and/or protection being asserted (e.g. Attorney Client Privilege, Work Product, etc.).

    b)    The parties need not include a detailed description of the basis for privilege for each document in the first instance. The parties may request such information from the withholding party, by providing specific document control numbers. Any party receiving such a request for more-detailed information shall provide a document-by-document description sufficient to allow the other party and the Court to evaluate the claim of privilege/protection.

    c)    **Timing.** The parties shall provide a rolling privilege log of withheld and redacted documents within 30 days after the document was withheld from production or the redacted document is produced.

    d)    **Exceptions.** Parties are not required to log documents withheld on the basis of privilege/protection in the following categories:

        (i)    Documents created after May 15, 2017 need not be logged.

        (ii)    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

## 10. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

| | | |
|---|---|---|
| 1 | DATED: March 25, 2019 | */s/ Benjamin A. Gastel* |

DATED: March 25, 2019      */s/ Benjamin A. Gastel*
Jonathan Weissglass (SBN 185008)
jweissglass@altshulerberzon.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (310) 392-8801
Facsimile: (310) 278-5938

J. Gerard Stranch, IV (admitted *pro hac vice*)
gerards@bsjfirm.com
Benjamin A. Gastel (admitted *pro hac vice*)
beng@bsjfirm.com
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419

*Attorneys for Plaintiff*
*Crystal Kao and Nina Barwick, individually and on behalf of herself and all others similarly situated*

DATED: March 25, 2019      */s/ Anders Fjellstedt*
Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
gregg.locascio@kirkland.com
Anders Fjellstedt (admitted *pro hac vice*)
anders.fjellstedt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

Mark McKane (SBN 230552)
mark.mckane@kirkland.com
Kirkland & Ellis LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for Defendant*
*Abbott Laboratories, Inc.*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: March 25, 2019

*/s/ Anders Fjellstedt*
Anders Fjellstedt

**IT IS SO ORDERED** that the forgoing Agreement is approved.

DATED: March 25, 2019

Honorable Jon S. Tigar
UNITED STATES DISTRICT JUDGE